UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAMIRET B. DAVIS,

    Petitioner,

v.                                        CASE NO. 6:12-cv-1280-Orl-28GJK
                                          (6:10-cr-35-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Third Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Third Amended Motion") (Doc. No. 13) filed by Petitioner, Ramiret B. Davis, and the supporting memorandum of law (Doc. No. 12). Davis alleges ten grounds for relief in the Third Amended Motion.

The initial section 2255 motion (Doc. No. 1) and the amended section 2255 motion (Doc. No. 5) asserted the same grounds one through nine as asserted in the Third Amended Motion.[1] The Government filed a response (Doc. No. 7) to the amended section 2255 motion, which included a discussion of grounds one through nine, and a response (Doc. No. 15) to the Third Amended Motion, which included a discussion of ground ten. Davis filed replies (Doc. Nos. 8 and 17) to the responses. For

---

[1] The second amended section 2255 motion was stricken.

the reasons set forth below, the Third Amended Motion will be granted in part and denied in part.

## I. PROCEDURAL BACKGROUND

A grand jury charged Davis and another individual in a five-count indictment with the commission of various crimes (Criminal Case No. 6:10-cr-35-Orl-28GJK Doc. No. 1).[1] A jury found Davis guilty as to counts one, two, and three and not guilty as to counts four and five (Criminal Case Doc. No. 60). The Court adjudicated Davis guilty of conspiracy to commit armed robbery (count one), armed robbery (count two), and carrying and possessing a firearm during and in relation to or in furtherance of a crime of violence (count three) and sentenced him to imprisonment for a total term of 180 months (Criminal Case Doc. No. 74). This term consisted of 96 months on each of counts one and two to run concurrently and a consecutive term of 84 months on count three. The Eleventh Circuit Court of Appeals affirmed the convictions and sentence (Criminal Case Doc. No. 112).

## II. LEGAL STANDARDS

### A. Standard for Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is

---

[1]Criminal Case No.6:10-cr-35-Orl-28GJK will be referred to as "Criminal Case."

2

deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 687-89. Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland.* 466 U.S. at 694.

### III. ANALYSIS

#### A. Ground One

Davis alleges that counsel was ineffective by "allowing a supplemental jury instruction that was verbally coercive . . . ." *See* Doc. No. 13 at 14. The instruction about which Davis complains is referred to as an "*Allen* charge" and derives its name from *Allen v. United States*, 164 U.S. 492 (1896), in which the Supreme Court upheld an instruction urging the jury to reach a verdict.

In assessing whether an *Allen* charge was coercive, the Court must "consider the language of the charge and the totality of the circumstances under which it was delivered, *e.g.*, whether the court conducted a full poll of the jury before giving the charge and the amount of time between the delivery of the charge and the return of the jury's verdict." *United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008).

Here, nothing in the circumstances surrounding the Court's reading of the *Allen* charge was remotely coercive. *See* Criminal Case Doc. No. 94 at 390-91. After the jury informed the Court that it was deadlocked, the Court gave the *Allen* charge, and the Court did not poll the jury before giving the charge. The jury then deliberated for approximately two more hours before returning its verdicts.

3

Further, the Court notes that the *Allen* charge given to the jury was virtually identical to the modified *Allen* charge given to the jury in *Woodard*. In *Woodard*, the Eleventh Circuit Court of Appeals found that the district court properly modified the *Allen* charge and deleted portions of the language which had been criticized as being coercive in *United States v. Rey*, 811 F.2d 1453, 1460 (11th Cir. 1987).

Under the circumstances, Davis has not shown that counsel acted deficiently or that he sustained prejudice. Consequently, ground one is denied.

B.   **Ground Two**

Davis asserts that counsel was ineffective by failing to have a certified interpreter testify at his trial. Davis states that "the victim did not speak any English and the Titusville Police Department did not speak or understand the Bengali language without an interpreter being present." *See* Doc. No. 12 at 6

"The appointment of an interpreter, both under the Court Interpreters Act and as a constitutional matter is committed to the sound discretion of the trial judge . . . ." *United States v. Edouard*, 485 F.3d 1324, 1337 (11th Cir. 2007). Prior to trial, the Government filed a Motion to Allow the Use of An Interpreter (Criminal Case Doc. No. 41). The Government stated that the victim was a native of Banal, India and that his primary language was Bengali. *Id.* at 3. The Government conducted an exhaustive search for a professionally qualified Bengali to English interpreter and was able to procure the services of Sujoy Daskundu, the President of the Bengali Society of Florida to serve as an interpreter for the victim. *Id.*

4

The Court granted the motion finding that the Government had made good faith attempts to secure a certified Bengali to English interpreter, and no certified Bengali to English interpreter was available (Criminal Case Doc. No. 42). The Court further found that Mr. Daskundu was qualified to serve as a Bengali interpreter in this case.

Davis has failed to show that counsel acted deficiently with regard to this matter, and there has been no showing of prejudice. Consequently, ground two is denied.

### C. Ground Three

Davis states that counsel was ineffective for failing to object at the sentencing hearing to the 96 month sentence for the conspiracy conviction because the maximum sentence was five years.

The Government "concedes the existence of error, and that an amended judgment would be an appropriate remedy in order to correct the error. The government suggests that the amended judgment be modified to provide for a 60 month term of imprisonment as to Count One and a 96 month term of imprisonment as to Count Two to run concurrently. Davis's total term of imprisonment of 180 months, including a consecutive term of imprisonment of 84 months as to Count Three, would remain undisturbed." *See* Doc. No. 7 at 13.[2]

As a result, Davis is entitled to relief on this ground, and the Court will schedule, by separate Order, a new sentencing hearing.

---

[2] A conspiracy violation, pursuant to 18 U.S.C. § 371, provides for a term of imprisonment of not more than five years.

5

### D. Ground Four

Davis states that counsel was ineffective for "not allowing the petitioner to accept the seven year plea deal, that he promised petitioner would receive if he plead guilty." See Doc. No. 13 at 14. According to Davis, "Petitioner accepted that agreement with counsel, and told counsel he would testify against his brother for the up to seven year plea at most. However, counsel never came back and discussed the plea again." See Doc. No. 12 at 9.

In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 132 S. Ct. at 1404-08; *Lafler*, 132 S. Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (internal quotation marks omitted). The Supreme Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Frye*, 132 S. Ct. at 1409; *Lafler*, 132 S. Ct. at 1384-85.

A closer review of Davis' allegations reveal no mention that the Government actually made a plea offer. In fact, he states that his counsel told him that he (Davis)

6

"would receive no more than seven years, if he testified against his brother." *See* Doc. No. 12 at 9. However, Davis *never* alleges that the Government actually made any kind of plea offer whatsoever or that the Government would have been willing to accept any type of plea offer. Moreover, he offers no explanation as to why he failed to raise the matter with the Court prior to trial. Davis' conclusory and unsupported averments are insufficient to show that counsel acted deficiently.

Further, even if Davis received deficient counsel, he has not established prejudice. Specifically, he has not demonstrated that there was a reasonable probability that any plea offer "would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the Court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385. As a result, ground four is denied.

E.     **Grounds Five, Six, and Seven**

Davis states that counsel was ineffective by stipulating to the fact that the Marathon Gas Station, the Subway Restaurant, and the Community Educators Credit Union affected interstate commerce (ground five) and by stipulating to the fact that the Community Educators Credit Union was a federally insured credit union. *See* Doc. No. 13 at 14. In ground seven, Davis provides further argument in support of his assertion that counsel was ineffective with regard to the matters raised in grounds five and six.

7

According to Davis, he would not have "knowingly or voluntarily . . . stipulated to the elements of a crime . . . ." See Doc. No. 12 at 13.

The parties entered into a First Joint Factual Stipulation, a Second Joint Factual Stipulation, and a Third Joint Factual Stipulation. See Government's Trial Exhibits 55, 56, and 57. The Stipulations provided that (1) the Marathon Gas Station and the Subway Restaurant affected interstate commerce, and (2) the Community Educators Credit Union was a federally insured credit union.[3] The Stipulations were signed by Davis' counsel, Davis himself, and the Assistant United States Attorney.

The Stipulations merely allowed the trial to move more expeditiously without the need to call in witnesses to testify regarding interstate commerce and federal insurance. Davis did not in any manner admit guilt as to any of the crimes. Moreover, Davis has not shown that the entities did not affect interstate commerce or that the credit union was not federally insured. As a result, Davis has failed to demonstrate that counsel acted deficiently with regard to these matters or that he sustained prejudice. Consequently, grounds five, six, and seven are denied.

F. **Ground Eight**

Davis argues that counsel was ineffective by refusing to allow Davis to testify at trial. This ground is without merit.

---

[3]The parties did not stipulate that the Community Educator Credit Union affected interstate commerce.

At trial, Davis' counsel, in an abundance of caution, reminded the Court to advise Davis of his right to testify: "I just want to make sure on the record we do the advisement of him with regard to testimony. I've talked to him about it, but other than that – he says he doesn't want to." *See* Criminal Case Doc. No. 93 at 75.

The following colloquy then occurred:

> THE COURT: Mr. Davis, when a defendant is charged with committing a crime, the United States Constitution gives that person a right to testify. It also protects a person to the extent that a person does not have to testify in a criminal case; and if a defendant elects not to testify, the fact that he does so cannot be used against him. The government cannot argue that that is -- that that implies guilt. Now, I understand that you have elected not to testify. Is that correct?
>
> THE DEFENDANT: That's correct.
>
> THE COURT: Okay. Is that a choice that you have made yourself?
>
> THE DEFENDANT: Yeah, that's a choice I've made myself.
>
> THE COURT: Has anyone threatened you or coerced you or intimidated you in any way to persuade you to make that decision?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: The reason I ask these questions is because the decision belongs to you and you alone. Mr. Smith even can't make that decision. Nobody can make it but you; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed your decision with Mr. Smith?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And has he answered any questions you might have pertaining to that decision and the implications of that decision?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the help he's given you in that regard?

THE DEFENDANT: Yes, sir.

THE COURT: And having had that advice, is it your decision that you are -- that you're electing not to testify?

THE DEFENDANT: I'm not going to testify.

THE COURT: You do not -- what did you say?

THE DEFENDANT: I'm not going to testify.

THE COURT: And that's your decision and yours alone?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Are you satisfied with the inquiry, Mr. Smith?

MR. SMITH: Yes, I am, Your Honor.

THE COURT: Is the government satisfied with the inquiry?

MR. CHIU: Yes, Your Honor.

THE COURT: Okay. Thank you, sir.

*Id.* at 78-80.

The Court discussed this matter thoroughly with Davis. It is clear that Davis was given ample opportunity to testify and that he chose not to do so. Davis acknowledged that he had not been coerced to do so, that he had discussed the matter with counsel,

and that it was his decision "alone" not to testify. There has been no showing that counsel acted deficiently with regard to this matter.

In addition, Davis fails to indicate the specific nature of his alleged testimony or how it would have been beneficial to his case. In fact, testifying would have exposed Davis to potential damaging cross-examination. Under the circumstances, Davis has not demonstrated that there is a reasonable likelihood the outcome would have been different. Thus, Davis fails to show prejudice resulting from his counsel's alleged deficiencies. As such, ground eight is denied.

### G. Ground Nine

Davis states that counsel "committed major cumulative errors, which substantially affected [his] trial." *See* Doc. No. 13 at 15.

Aside from ground three, Davis has not shown error in connection with any of his other grounds. Consequently, he cannot show cumulative error, and this ground is denied. *See United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) ("There being no error in any of the district court's rulings, the argument that cumulative trial error requires that this Court reverse Taylor's convictions is without merit.").

### H. Ground Ten

Davis states that counsel was ineffective by failing to "challenge the enhanced sentencing of seven years for brandishing a firearm when he was only charged with carrying a firearm which carries only a five year mandatory minimum." *See* Doc. No. 13 at 15.

11

It appears that this ground is untimely. Davis raised this ground for the first time in this third amended section 2255 motion filed on February 28, 2014, which was more than two years after the appellate court affirmed his convictions and sentence. *See* 28 U.S.C. § 2255(f). This ground did not arise from the same set of facts as that grounds raised in the original motion.

Further, at the time of his sentencing, there was no basis for his attorney to challenge the imposition of the enhanced mandatory. *See Harris v. United States*, 536 U.S. 545, 556 (2002) (holding that enhancements for brandishing and discharging a weapon under 18 U.S.C. § 924(c)(1)(A) are sentencing factors to be found by the judge, and not elements of the offense to be found by the jury). However, the holding in *Harris* was overruled in *Alleyne v. United States*, 122 S. Ct. 2151 (2013), wherein the Supreme Court determined that any fact that increases mandatory minimum sentence for a crime is an element of the crime, and not a sentencing factor, which must be submitted to jury, Consequently, counsel was not deficient with regard to this matter, and this ground is denied.

Any of Davis' allegations not specifically addressed herein have been found to be without merit.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   The Third Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Ramiret B. Davis (Doc. No. 13) is **GRANTED in part** and

12

**DENIED in part.** Specifically, the Court finds that ground three is granted such that Davis will be resentenced and that all of the remaining grounds are denied.

2. The judgment/sentence as to Davis filed in criminal case 6:10-cr-35-Orl-28GJK (Criminal Case Doc. No. 74) is hereby **VACATED**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-35-Orl-28GJK.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 118) filed in criminal case number 6:10-cr-35-Orl-28GJK.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Davis has failed to make a substantial showing of the denial of a constitutional right as to grounds one, two, and four through ten.[2] Accordingly, a Certificate of Appealability is **DENIED** as to those grounds.

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

6. This case is referred to the United States Magistrate Judge for the purpose of appointing counsel on behalf of Davis.

7. A resentencing hearing will be scheduled by the Court pursuant to a separate order.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2015.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 1/12
Ramiret B. Davis
Counsel of Record
Courtroom Deputy
Probation
U.S. Marshal
United States Magistrate Judge Kelly

14